# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON DIVISION

| | |
|---|---|
| TTI Consumer Power Tools, Inc. f/k/a One World Technologies, Inc. d/b/a Techtronic Industries Power Equipment, | Civil Action No. 8:22-cv-04085-TMC |
| Plaintiff/Counter-Defendant, | |
| vs. | **PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND SUPPLEMENT AND MEMORANDUM IN SUPPORT** |
| Engineered Plastic Components, Inc., | |
| Defendant/Counter-Plaintiff. | |

Pursuant to Fed. R. Civ. P. Rule 15(a) & (d), Plaintiff TTI Consumer Power Tools, Inc. f/k/a One World Technologies, Inc. d/b/a Techtronic Industries Power Equipment ("TTI") moves the Court for an order granting TTI leave to amend and supplement its First Amended Complaint.[1]

## I. INTRODUCTION

The Court should grant TTI's Motion for Leave to Amend and Supplement its First Amended Complaint (hereinafter, "Motion") because: (1) Engineered Plastic Components, Inc. ("EPC") will incur no prejudice due to TTI's proposed amendments and supplementation (treated collectively as, "Proposed Amendment");[2] (2) TTI's Proposed Amendment does not suffer from futility; and (3) good faith supports TTI's Motion.

---

[1] Pursuant to Local Civ. R. 7.04 (D.S.C.), no separate supporting memorandum is being filed because a full explanation pursuant to Local Civ. R. 7.05 is included herein. TTI also certifies that it requested EPC's consent to the relief sought in the instant Motion. In response, EPC consented to TTI's motion "with respect to TTI's conversion claim relating to the Henkel machine," but otherwise opposed TTI's Motion.

[2] While TTI seeks to amend *and* supplement its First Amended Complaint, TTI designates both herein simply as "Proposed Amendment" to increase reading ease and because both amendments and supplements fall under the same standards. To further increase reading ease, TTI has also used the following conventions: unless specifically indicated, internal citations have been omitted;

TTI filed its original Complaint in this matter on October 13, 2022. On December 14, 2022, TTI filed its first Amended Complaint pursuant to FRCP 15(a)(1). TTI's instant Motion seeks leave to file a Second Amended Complaint (attached as Exhibit 1) under FRCP 15(a)(2) and (d). TTI's Proposed Amendment seeks to: (1) amend its operative pleading by refining and clarifying the allegations supporting its existing claims, while also factually enhancing such claims to include information discerned during preliminary discovery efforts; and (2) supplement TTI's existing claims to add new claims for conversion and additional contractual breaches (along with corresponding factual allegations), which did not arise until after TTI previously amended its pleading. A document showing the changes between the first and Second Amended Complaint is attached as Exhibit 2.

## II. LEGAL STANDARD

Pursuant to the following legal standards governing TTI's Motion, the Court should grant TTI leave to amend and supplement its pleading:

**A. FRCP 15(a):**

Under FRCP 15(a), "[L]eave to amend a pleading shall be freely given when justice so requires." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999); FRCP 15(a)(2). Upholding both FRCP 15(a)'s letter and spirit, the Court should grant TTI leave to amend its pleading unless: "the amendment would be prejudicial" to EPC; the Proposed Amendment "would be futile"; or TTI has somehow exhibited "bad faith" in pursuing its Motion. *Id.* (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir.1986)) (emphasis in original). As set forth below, TTI amply satisfies all such criteria. Accordingly, the Court should grant TTI leave to

---

and references to the Federal Rules of Civil Procedure deploy the following shorthand, "FRCP [#]."

2

amend its pleading in furtherance of the liberal and deferential standards undergirding FRCP 15(a), which promote a long-standing policy favoring the full resolution of cases on their merits, not technicalities. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

### B. FRCP 15(d):

In turn, FRCP 15(d) provides: "[o]n motion and reasonable notice, the court may... permit [TTI] to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FRCP 15(d). Though a "supplemental pleading differs from an amended pleading because it relates to matters occurring subsequent to the filing of the initial complaint," the standards governing both prove "nearly identical" and, as such, "leave should be freely granted[] and …denied only where good reason exists….such as prejudice to [EPC.]" *Franks v. Ross*, 313 F.3d 184, 198, n. 15 (4th Cir. 2002); *see also New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 28-29 (4th Cir. 1963) (noting that a motion to supplement pleadings "ought to be allowed as of course, unless some particular reason for disallowing them appears…"). As discussed below, TTI likewise satisfies FRCP 15(d)'s criteria.

### III. ARGUMENT

**A. The Court Should Grant TTI Leave to Amend and Supplement its Pleading.**

Because TTI's Motion satisfies the standards governing FRCP 15(a) and (d), the Court should grant TTI leave to amend and supplement its pleading:

**1. TTI's Proposed Amendment Does Not Prejudice EPC.**

EPC will incur no undue prejudice if the Court grants TTI leave to amend its pleading. "[A]bsence of prejudice, though not alone determinative, will normally warrant granting leave to amend." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980). Accordingly, "[u]nless undue prejudice to the opposing party will result, a trial judge should ordinarily permit a party to

3

amend its complaint." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). While other factors certainly prove relevant to the analysis, "the crucial factor is the resulting prejudice to…" EPC. *Id.*

When evaluating prejudice, courts review two factors, namely: the nature of the amendment and its timing. *Matrix Capital Mgmt. Fund LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009). Where, as here, discovery has not closed and no delay of the trial will result from the Proposed Amendment, prejudice rarely exists. *Johnson*, 785 F.2d at 510 (Prejudice arising from amendment raising new legal theory which requires "gathering and analysis" of additional facts "essentially applies where the amendment is offered shortly before or during trial"); *see also, Crago v. Capital Advantage Fin. & Dev., Inc.*, 242 F.R.D. 341, 347 (D.S.C. 2007) (finding no prejudice from amendment adding new claims despite defendants' contention the amendment would increase their costs in defending the case).

Here, EPC incurs zero prejudice due to the nature of TTI's Proposed Amendment. As stated above, TTI's Proposed Amendment: (1) refines and clarifies the allegations supporting its existing claims--while also factually enhancing such claims to include information discerned during preliminary discovery efforts--but does not change the fundamental premises underlying such existing claims; and (2) otherwise embraces allegations pertaining to events occurring *after* TTI filed its First Amended Complaint. Accordingly, EPC will incur no prejudice if the Court grants TTI leave to file its proposed Second Amended Complaint. *See, e.g., Poly-Med, Inc. v. Novus Sci. Pte Ltd.*, No. 8:15-CV-01964-JMC, 2017 WL 2874715, at *4 (D.S.C. July 6, 2017)[3] ("[T]he mere addition of claims, though it will likely add to the burdens of discovery, is not, without more, prejudicial to the opposing party."); *Scott v. Family Dollar Stores, Inc.*, 733 F.3d

---

[3] Exhibit 3 includes copies of all unpublished opinions cited herein in alphabetical order.

105, 188-9 (4th Cir. 2013) (stating that "although prejudice can result where a new legal theory is alleged if it would entail additional discovery and evidentiary burdens on the part of the opposing party, this basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial"); *Edwards*, 178 F.3d at 243 (granting leave to amend because the proposed new allegations "arise from the same controversy as the balance of the complaint"); *Davis v. Piper Aircraft Corp.* 615 F.2d 606, 613 (4th Cir. 1980)( "Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of the defendant's case.").

Indeed, the timing of TTI's Motion further bolsters the lack of any ensuing prejudice to EPC due to the Proposed Amendment. Discovery in this case remains in its infancy. The exchange of information between the parties pursuant to written discovery requests remains actively ongoing. The parties similarly continue to await the receipt of materials responsive to third-party subpoenas. No depositions have occurred. Nor has either party served any deposition notices or even endeavored to schedule a single deposition. *See, e.g., Companion Specialty Ins. Co. v. Med James, Inc.*, No. 3:15-249-TLW, 2016 WL 11604194, at *2 (D.S.C. June 14, 2016) (granting Plaintiff's leave to amend because Plaintiff's motion was timely filed under the scheduling order, discovery was ongoing, and the proposed amendment would not significantly impact the posture of the case). TTI's Proposed Amendment will not alter the case's posture, complexion or disrupt the case's substantive progress to trial.

Moreover, TTI timely filed its Motion within the deadline established by the Court's Scheduling Order for seeking amendments. (*See* Dkt. #33.) In such circumstances and as this District has recognized, EPC will not be "prejudiced" by TTI's Motion since it was made before the deadline imposed by the Court lapsed and while the case remains in preliminary discovery.

5

*See, e.g., Brown v. Charles Schwab & Co.*, No. 2:07-CV-3852-DCN-BM, 2010 WL 11534472, at *1 (D.S.C. July 14, 2010) (citing *Ayers v. Cont'l Cas. Co.*, No. 05-95, 2007 WL 1983815 at **2-3 (N.D.W. Va. July 3, 2007). Accordingly, neither the nature nor the timing of TTI's Proposed Amendment will result in undue prejudice to EPC within the meaning of FRCP 15(a) or (d).

   2. **TTI's Proposed Amendment Does Not Suffer From Futility.**

Simply no basis exists to deny TTI's Motion based upon futility. Futility would only warrant denying TTI's Motion if the Proposed Amendment advanced a legally deficient or frivolous claim on its face, which it plainly does not. *Hillyard Enterprises, Inc. v. Warren Oil Co., Inc.*, No. 5:02-CV-329-H(4), 2003 WL 25904136 at *4 (E.D.N.C. July 3, 2003)(citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986)); *see also Crago*, 242 F.R.D. at 344 ("For a motion to amend to be denied for futility, the amendment must be 'clearly insufficient or frivolous on its face.'"). Moreover, on a motion under FRCP 15(a) or (d), TTI need not prove the substantive merits of its Proposed Amendment. *See, e.g., Rambus, Inc. v. Infineon Tech.*, AG, 304 F.Supp.2d 812, 819 (E.D.Va. 2004) ("Courts generally favor the 'resolution of cases on their merits' ... [t]hus the substantive merits of a proposed claim [or defense] are typically best left for later resolution, *e.g.*, under motions to dismiss or for summary judgment, ... or for resolution at trial.") (quoting *Davis*, 615 F.2d 606 at 613) ("Unless a proposed amendment may clearly be seen to be futile... conjecture about the merits of the litigation should not enter into the decision whether to allow amendment").[4] Here, because TTI's Proposed Amendment facially states legally sufficient claims, the Court should grant TTI leave to amend its pleading.

   3. **Good Faith Supports TTI's Motion.**

---

[4] *See also Poly-Med, Inc.*, 2017 WL 2874715, at *4; *see also, Weaver v. John Lucas Tree Expert Co.*, No. 2:13-CV-01698-PMD, 2013 WL 5587854, at *11 (D.S.C. Oct. 10, 2013).

6

Under Fourth Circuit precedent, parties act in bad faith when seeking to amend their pleadings if they unduly allow the case to progress before seeking amendment. *See, e.g., Davis*, 615 F.2d at 613 (4th Cir.1980). Here, nothing of the sort has occurred. As noted above, TTI filed its Motion: within the time prescribed by the Court's Scheduling Order, *see* Dkt. #33; during an early phase of discovery while the parties continue to exchange information responsive to written discovery requests; at a time when the parties still await receipt of materials responsive to third-party subpoenas; and before any depositions have occurred or have even been noticed. Furthermore, TTI's Proposed Amendment does not expand (at least in any meaningful way) the scope of discovery needed in the case. TTI's Motion is, therefore, brought in good faith.

## IV.     CONCLUSION

The Court should grant TTI's timely Motion because its Proposed Amendment: does not result in undue to prejudice to EPC; does not suffer from futility; and is sought by TTI in good faith. For these reasons, TTI asks the Court to grant it leave to file the Second Amended Complaint, as attached hereto.

**[SIGNATURE PAGE TO FOLLOW]**

Respectfully Submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: s/ John F. Kuppens
    John F. Kuppens
    Federal Bar No. 5026
    E-Mail: john.kuppens@nelsonmullins.com
    1320 Main Street / 17th Floor
    Post Office Box 11070 (29211-1070)
    Columbia, SC 29201
    (803) 799-2000

    Lane W. Davis
    Federal Bar No. 7739
    E-Mail: lane.davis@nelsonmullins.com
    2 W. Washington Street, Suite 400
    Greenville, SC 29601
    (864) 373-2300

    Kelly M. Reid
    Federal Bar No. 13063
    E-Mail: kelly.reid@nelsonmullins.com
    One Wells Fargo Center
    301 South College Street / 24th Floor
    Charlotte, NC 28202
    (704) 417-3000

    *Attorneys for Plaintiff TTI Consumer Power Tools, Inc. f/k/a One World Technologies, Inc. d/b/a Techtronic Industries Power Equipment*

April 24, 2023