**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ANDERSON DIVISION**

| | |
|---|---|
| TTI Consumer Power Tools, Inc. f/k/a One World Technologies, Inc. d/b/a Techtronic Industries Power Equipment,<br><br>        Plaintiff/Counter-Defendant,<br><br>        vs.<br><br>Engineered Plastic Components, Inc.,<br><br>        Defendant/Counter-Plaintiff. | Civil Action No. 8:22-cv-04085-TMC<br><br><br>**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND TO COMPEL AN ANSWER** |

Pursuant to Fed. R. Civ. P. 37(a), Plaintiff/Counterclaim-Defendant TTI Consumer Power Tools, Inc. ("TTI") moves the Court to compel Defendant/Counterclaim-Plaintiff Engineered Plastic Components, Inc. ("EPC") to produce documents in response to TTI's Second Request for Production No. 2 and to answer TTI's Second Interrogatory No. 2.

**PRELIMINARY STATEMENT**

TTI is entitled to conduct discovery into issues relevant to its case. Four months ago, TTI issued discovery requests related to EPC's efforts to acquire the funding necessary to meet its production obligations under the Master Services Agreement ("MSA") between the two parties. This information gets to the heart of TTI's claims that EPC did not have the ability to perform under the MSA and, in fact, never intended to perform. EPC refuses to produce responsive documents or answer TTI's Interrogatory. In resisting this discovery, EPC has based its legal arguments on inapplicable case law, has failed to establish how its privacy interest—which it supports with no statue or rule—is not adequately protected by the Confidentiality Order it negotiated, and has done nothing to substantiate the burden that it claims outweighs TTI's

1

legitimate interest in the requested information. Despite TTI's best efforts to resolve this dispute, it now seeks Court intervention to compel EPC to provide the information to which TTI is entitled.

## BACKGROUND

TTI is a manufacturer of power tools and outdoor products. EPC is a manufacturer of plastic injection molded products. On July 15, 2021, TTI and EPC entered into an MSA under which EPC agreed to manufacture, supply, and sell modular storage products to TTI (the "Products"), which TTI would then supply to Home Depot (these efforts are hereinafter referred to as the "Project"). Among other things, the MSA required EPC to allocate sufficient production capacity to meet TTI's rolling forecasts of its expected purchases of the Products and to fulfill all purchase orders on time. However, EPC failed to take the necessary steps to meet its obligations. Among other failures, EPC failed to provide adequate labor, failed to acquire the warehouse space needed for production, and failed to prepare its manufacturing and warehouse space for production, causing TTI to not meet the planned October 2021 initial launch of the Products in Home Depot stores. Through these failures, EPC breached its obligations under the MSA. Moreover, EPC fraudulently induced TTI to enter into the MSA by willfully misrepresenting its ability to meet the production and warehousing demands of the Project.

TTI served its Second Requests for Production (the "Requests") and its Second Interrogatories (the "Interrogatories") on EPC on January 24, 2023. (Plaintiff's Second Set of Requests for Production to Defendant, attached hereto as Ex. A; Plaintiff's Second Set of Interrogatories to Defendant, attached hereto as Ex. B.) This set of discovery contained the Request and Interrogatory at issue in the instant motion:

> **Request 2:** Any and all Documents Relating to any financing, credit lines, or monies obtained by or sought by EPC in connection with fulfilling its contractual obligations under the MSA or in relation to the Project.

**Interrogatory 2:** Identify all financing, credit lines, or monies obtained by or sought by EPC in connection with fulfilling its contractual obligations under the MSA or in relation to the Project. When answering, Identify: the names and addresses of all lenders from which you obtained or sought such financing, credit lines or monies obtained; the dates when they were sought and obtained; the amounts sought or obtained; and all corresponding loan numbers, credit line numbers, or other unique identifying information used by the lender involved.

TTI granted EPC's request to extend its deadline to respond to the Requests and Interrogatories on January 26, 2023. (J. Kuppens email of January 26, 2023, attached hereto as Ex. C.) EPC provided its Responses and Objections to both the Requests and the Interrogatories on March 27, 2023. (EPC's Responses to TTI's Second Set of Requests for Production and Second Set of Interrogatories, attached hereto as Ex. D.) EPC refused to produce documents in response to Request No. 2 or to provide an answer to Interrogatory No. 2. (*Id.*)

The parties then exchanged correspondence and met and conferred in an attempt to resolve the issues raised by EPC's Responses and Objections without Court intervention. By letter of April 25, 2023, TTI identified deficiencies in EPC's response to TTI's Requests and Interrogatories, including EPC's response to Request No. 2 and Interrogatory No. 2. (J. Kuppens letter of April 25, 2023, attached hereto as Ex. E.) EPC responded by letter on May 9, 2023 but did not adequately address TTI's concerns regarding EPC's responses and objections. (I. Kashcheyeva letter of May 9, 2023, attached hereto as Ex. F.) In accord with D.S.C. Local Civ. R. 7.02 and Fed. R. Civ. P. 37(a), the parties met and conferred on May 23, 2023 but were unable to resolve their disagreements regarding Request No. 2 and Interrogatory No. 2. (S. Young letter of May 25, 2023, attached hereto as Ex. G.) Throughout this process, the parties agreed to extend the deadline for TTI to move to compel, most recently extending the deadline to May 26, 2023. (I. Kashcheyeva email of May 10, 2023, attached hereto as Ex. H.) This motion is therefore timely under D.S.C. Local Civ. R. 37.01(A). The parties are now at an impasse, and these issues are ripe for adjudication.

## GOVERNING LAW

Under Fed. R. Civ. P. 26(b)(1) "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Courts interpret Rule 26 broadly, so that no party is denied "information reasonably necessary to afford a fair opportunity to develop his or her case." *State Farm Fire & Cas. Co. v. Lang*, No. CV 2:21-1063-RMG, 2022 WL 18584199, at *1 (D.S.C. Oct. 24, 2022). *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co.*, 967 F.2d 980, 983 (4th Cir. 1992) ("[T]he discovery rules are given 'a broad and liberal treatment.'"). "[I]nformation is relevant, and thus discoverable, if it bears on, or reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Nix v. Holbrook*, No. CIV.A. 5:13-02173, 2015 WL 791213, at *2 (D.S.C. Feb. 25, 2015) (quotations omitted and cleaned up); *see also*, Brown-*Thomas v. Hynie*, No. 1:18-CV-02191-JMC, 2021 WL 651014, at *2 (D.S.C. Feb. 19, 2021) ("A discovery request is relevant 'if there is any possibility that the information sought might be relevant to the subject matter of [the] action.'")

In determining whether a request is proportional, courts should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

"While the party seeking discovery has the burden to establish its relevancy and proportionality, the party objecting has the burden of showing the discovery should not be allowed and doing so through 'clarifying, explaining and supporting its objections with competent evidence.'" *Brown-Thomas v. Hynie*, No. 1:18-CV-02191-JMC, 2021 WL 651014, at *2 (D.S.C.

4

Feb. 19, 2021). *See also, S.C. State Conf. of NAACP v. Alexander*, No. 321CV03302TJHMBSRMG, 2022 WL 2452319, at *3 (D.S.C. July 5, 2022) ("The party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion.")

## **ARGUMENT**

TTI is entitled to the information related to the "financing, credit lines, or monies obtained by or sought by EPC in connection with fulfilling its contractual obligations under the MSA or in relation to the Project" that TTI seeks in Request No. 2 and Interrogatory No. 2. The information is relevant to TTI's breach of contract and fraud claims. The burden of producing the information, which EPC has so far done nothing to substantiate, is outweighed by its importance to the litigation. EPC has not asserted privilege over the information, and it is highly unlikely that any of the requested information is privileged.

## I.    The Requested Discovery Is Relevant

The requested information is relevant to TTI's claims that EPC breached the MSA by failing to take adequate steps to comply with its production obligations. TTI alleges that EPC breached its obligations under the MSA by "fail[ing] to hire and train labor, fail[ing] to prepare its manufacturing space and warehouse space for production, [and] fail[ing] to acquire the extra warehouse space needed for production," among other things. (ECF No. 22 at ¶ 41.) TTI is entitled to know whether EPC's failure to meet its productions obligations was due to its failure to seek adequate resources—such as external financing—or a failure to adequately manage the resources it had on hand.

Request No. 2 seeks more than just financial information. It also seeks "Documents Relating to any financing, credit lines, or monies obtained by or sought by EPC" in connection with the Project. (Ex. B.) As TTI explained to EPC in a May 23, 2023 meet and confer, such

related documents include EPC's communications with potential lenders.  Such representations are relevant to TTI's fraud claims, as they would allow TTI to compare the representations EPC made to lenders about the Project to the representations EPC simultaneously made to TTI.

## II.     The Requested Discovery Is Proportionate to the Needs of the Case

TTI's discovery requests are proportional under the framework set out by Fed. R. Civ. P. 26(b)(1).  First, EPC's inability to meet its production obligations under the MSA is at the core of TTI's case.  TTI is entitled to know what steps EPC took to meet those obligations, including whether EPC sought the funds necessary to provide adequate labor, warehousing, and inventory, among other things.  Moreover, EPC's representations to its lenders will provide valuable insight into the veracity of the representations EPC made to TTI regarding its production capabilities and resources.

Second, both parties have made eight-figure claims for relief.  EPC has done nothing to substantiate its boilerplate objection that the burden of providing the requested information would be disproportionate to its value to the case.  EPC's unsupported claim of burden does not outweigh the substantial claims for damages that both parties have made.

Finally, EPC is the best source for the requested information.  TTI does not have access to EPC's financial information.  Although TTI could issue third-party subpoenas to EPC's lenders for information substantially similar to the requested information, it cannot do so without knowing the identity of the lenders, which is part of Interrogatory No. 2.[1]  Therefore, if EPC does not response to the Request and Interrogatory, TTI will be deprived of information crucial to its case.

---

[1] Even still, TTI should not have to burden a third party with a request for information that is in EPC's possession, custody, and control.  EPC is the best source of information related to its own business operations.

6

**III.     The Requested Information Is Not Privileged**

EPC has not asserted a claim of privilege over the requested information.  And for good reason.  The information TTI seeks relates to financial, rather than legal, matters, and to the extent that the information was shared with or originated from third-party financiers, any claim of privilege would be waived.

**IV.     EPC's Objections Have No Merit**

EPC has not adequately demonstrated why TTI should not be able to examine EPC's efforts to acquire financing for the Project.  EPC's argument that TTI must make a prima facie showing of punitive damages before seeking discovery of EPC's financial information misses the mark.  (Ex. F.) TTI does not seek the financial information to establish the amount of punitive damages. *See Nix v. Holbrook*, No. CIV.A. 5:13-02173, 2015 WL 791213, at *3 (D.S.C. Feb. 25, 2015) (deferring discovery of financial information "until after Plaintiff has established the viability of his claim for punitive damages" because Plaintiff "contend[ed] that the [financial] documentation requested . . . 'is relevant in determining the amount of punitive damages'").  Nor does TTI seek the requested information to test EPC's ability to pay a judgment. *See Akehurst v. Buckwalter Trucking, LLC*, No. 9:21-CV-01506-RMG, 2021 WL 4891749, at *1 (D.S.C. Oct. 18, 2021) (discovery of defendant's financial information untimely where "the primary aim of these discovery requests is for Plaintiffs to investigate the financial wherewithal of Defendants to respond to any judgment which may exceed available liability coverage").  Rather, as discussed above, EPC's efforts to obtain financing for the Project are directly relevant to EPC's ability to perform under the MSA.

EPC objects that responding to the Request and Interrogatory would "require[] disclosure of information protected by EPC's financial privacy rights," but EPC does not explain the source

7

of these financial privacy rights or what information, exactly, they protect. (Ex. F.) Moreover, the Confidentiality Order entered in this matter renders EPC's privacy concerns moot. *See Mezu v. Morgan State Univ.*, 495 F. App'x 286, 290 (4th Cir. 2012) (privacy concerns did not bar production of medical records given existence of a confidentiality order); *Ashmore v. Kanavas*, No. 8:14-CV-04279-JMC, 2015 WL 6408160, at *4 (D.S.C. Oct. 21, 2015) (noting that "Defendant's privacy concerns regarding the disclosure of personal financial information, especially his tax returns, may presumably be addressed by reaching an agreement with Plaintiff regarding the terms of an appropriate confidentiality order"). The Confidentiality Order specifically provides that any "[f]inancial information, including, but not limited to any . . . documents pertaining to the financial condition of a party" may be designated Confidential and that any documents "highly likely to cause financial . . . harm to the designating party" may be designated Attorneys' Eyes Only. If EPC is concerned with the confidentiality of its financial information, the Confidentiality Order that EPC negotiated provides adequate protection.

## CONCLUSION

For these reasons, TTI respectfully asks the Court to grant TTI's Motion and compel EPC to produce documents in response to Request No. 2 and answer Interrogatory No. 2.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: *s/ John F. Kuppens*
John F. Kuppens
Federal Bar No. 5026
1320 Main Street / 17th Floor
Columbia, SC 29201
May 26, 2023                    Attorneys for Plaintiff