UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| TTI Consumer Power Tools, Inc. f/k/a One World Technologies, Inc. d/b/a Techtronic Industries Power Equipment,<br><br>   Plaintiff/Counter-Defendant,<br><br>vs.<br><br>Engineered Plastic Components, Inc.,<br><br>   Defendant/Counter-Plaintiff. | Civil Action No. 8:22-cv-04085-TMC<br><br>**PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER AND FOR EXPEDITED BRIEFING AND HEARING SCHEDULE** |

  Plaintiff/Counterclaim-Defendant TTI Consumer Power Tools, Inc. ("TTI") moves the Court to amend the operative Third Consent Amended Scheduling Order (the "Scheduling Order") (ECF No. 116) to extend all remaining case deadlines by 45 days.[1] For the reasons set forth herein, good cause exists to support an extension of the current Scheduling Order deadlines to afford TTI a fair and adequate amount of time to complete discovery about EPC's new counterclaims as asserted by Defendant's pleading for the first time on January 16, 2024. (ECF No. 133). Accordingly, TTI respectfully asks the Court to grant this motion and enter the proposed revised scheduling order attached hereto as Exhibit A.

## BACKGROUND

  On January 8, 2024, the Court entered an order granting Defendant/Counterclaim-Plaintiff Engineered Plastic Components, Inc.'s ("EPC") motion for leave to file a second amended counterclaim. (ECF No. 131). The order further directed the parties to: "confer and submit a

---

[1] Pursuant to Local Civil Rules 7.04 and 7.05 (D.S.C.), TTI submits this motion without an accompanying supporting memorandum because a full explanation of the motion is contained herein and a memorandum would serve no useful purpose.

1

proposed revised scheduling order within 15 days. In the event the parties are unable to agree upon same, each party shall submit a proposed revised scheduling order." (*Id.*).

As directed by the Court's January 8 order, counsel for TTI and EPC conferred about a revised scheduling order but have been unable to agree upon the same. (*See* Exhibit B, Aff. of Lane W. Davis, ¶¶ 5–8). TTI believes a 45-day extension of the deadlines in the operative scheduling order is needed to ensure adequate time exists to complete additional discovery about EPC's new counterclaims. By contrast, EPC refuses to agree to anything more than a 14-day extension of the remaining deadlines in the current Scheduling Order. (Ex. B, ¶ 8).

Despite having been granted leave to amend its pleading and substantially expand its affirmative claims (notably past the deadline to do so), EPC refuses to extend to TTI a reasonable period of time to complete adequate discovery on Defendant's new claims. The Court should amend the current Scheduling Order and afford TTI adequate time to complete the discovery needed to prepare for trial. Because the parties have been unable to agree on a revised scheduling order as directed by the Court, TTI makes this motion and submits the proposed revised scheduling order attached as Exhibit A.

## **LEGAL STANDARD**

The court may modify the current scheduling order "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C.), *aff'd sub nom. Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 129 F.3d 116 (4th Cir. 1997) (citing 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Procedure § 1522.1 at 231 (2d ed. 1990)).

## ARGUMENT

Under the circumstances, good cause exists to extend the current schedule in this case. (*See* Ex. B, ¶¶ 9–12). EPC's Second Amended Counterclaim adds three new causes of action sounding in fraud—two claims of fraudulent inducement and one claim for fraudulent concealment—while also adding fraud allegations to its existing breach of contract claim. (See ECF No. 133, ¶¶ 214-24; 251-61; 262-71; 272-85). EPC's new counterclaims: shift the focus of discovery beyond the material time period previously in question; significantly alter potentially recoverable damages; and now require TTI to gather new facts to negate the elements of EPC's new counterclaims. (Ex. B, ¶ 10).

For these reasons, additional time is needed to allow TTI to conduct adequate discovery on EPC's newly minted counterclaims, while also completing the pending discovery on the parties' existing claims. In addition to at least three depositions of EPC's fact witnesses related to pre-existing claims in the case, TTI has identified and communicated to EPC regarding the need for additional written discovery[2] and potentially additional depositions about EPC's new counterclaims.[3] (Ex. B, ¶ 7). And, EPC itself continues to pursue additional discovery, further stressing the existing schedule and making it impracticable to conclude discovery under the current deadline. (Ex. B, ¶¶ 11–12). Moreover, the parties have each disclosed three experts, and TTI anticipates this will require six additional depositions to be conducted—without accounting for the

---

[2] The time period proposed by EPC is unreasonable as it does not allow sufficient time for TTI even to issue third-party subpoenas about Defendant's new counterclaims, let alone production requests under Rule 34, Fed. R. Civ. P.

[3] TTI also notes that additional depositions beyond the 15-deposition limit agreed to by the parties in the Joint Rule 26(f) Report Discovery Plan (ECF No. 28) may be necessary given the new claims asserted by EPC. This potential issue further underscores the need for a 45-day extension of the current Scheduling Order deadlines to ensure these issues can be addressed and resolved without prejudicing TTI's right to full and fair discovery within the scope of Fed R. Civ. P. 26(b) related to EPC's newly asserted counterclaims.

additional discovery necessitated by EPC's Second Amended Counterclaim. (Ex. B, ¶ 12). It is entirely reasonable to seek a modest extension of the current deadlines in the Scheduling Order to accommodate TTI's need for additional discovery. *See Benedict Coll. v. Nat'l Credit Sys., Inc.*, No. CA 3:08-2520-JFA, 2009 WL 3839473, at *11 (D.S.C. Nov. 16, 2009) (granting motion to amend pleadings and extending deadlines in the scheduling order to accommodate discovery relevant to the newly-asserted claims); *Hawkins v. McFadden*, No. 2:18-cv-00893-JMC-MGB, 2018 WL 11347114, at fn. 1 (D.S.C. Nov. 27, 2018) (finding "it appropriate to extend discovery in this action" based on amendment of complaint).

The Court's January 8 order also seems to anticipate the need for additional time to complete discovery by mandatorily directing the parties to submit a revised scheduling order. (*See* ECF No. 131 (ordering that "the parties shall confer and submit a proposed revised scheduling order" and if the parties cannot agree "each party shall submit a proposed revised scheduling order.")) (emphasis added). TTI's request for a 45-day extension of the deadlines in the current Scheduling Order will not impose any undue hardship on EPC and will result in only a minimal extension of the time needed to bring this case to trial.

The chart below shows the current deadlines for each outstanding task[4] and the proposed deadlines if TTI's motion is granted:

| **Schedule Item** | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| 7. Filing of record custodian affidavits. | **January 29, 2024** | **March 14, 2024** |
| 8. Completion of fact discovery. | **February 27, 2024** | **April 12, 2024** |
| 8. Completion of expert discovery. | **March 28, 2024** | **May 13, 2024** |

---

[4] Although the deadline for certain tasks in the current Scheduling Order have not passed, the parties have completed certain tasks—such as disclosure of Defendant's experts (to be completed by February 28, 2024) and completion of a second mediation (to be completed by February 27, 2024). As such, TTI does not seek any amendment of the deadline for these tasks.

| | | |
|---|---|---|
| 10. Filing of all motions except those related to admissibility of evidence at trial and those to compel discovery. | **April 15, 2024** | **May 30, 2024** |
| 11. Case subject to being called for jury selection and/or trial | 60 days after dispositive motions resolved or **May 24, 2024**. | 60 days after dispositive motions resolved or **July 8, 2024**. |

In its communications with TTI, EPC has taken the position that no more than a 14-day extension of the current Scheduling Order deadlines should be permitted. (Ex. B, ¶ 8). Not surprisingly, that position works to EPC's unfair advantage, as it would require TTI to complete discovery on the existing counterclaims *and* the new counterclaims added in EPC's Second Amended Counterclaim within the same window of time. Because EPC has received the benefit of being allowed to amend its counterclaims late in the discovery process, TTI should be granted an adequate amount of time to conduct discovery on Defendant's newly raised counterclaims.

## REQUEST FOR EXPEDITED BRIEFING AND HEARING SCHEDULE

Finally, due to the impact of this motion on upcoming discovery deadlines, TTI requests expedited briefing and hearing of this motion. TTI proposes the following expedited briefing schedule:

- EPC's response in opposition, if any, due **January 30, 2024**.
- TTI's reply in support due **February 2, 2024**.
- Hearing, if necessary, the week of **February 12 – 16, 2024**.

Here, expedited treatment of the instant motion proves necessary because:

(1)    All of EPC's witnesses are located out of state and require significant travel planning and coordination to schedule (*see* Ex. B, ¶ 13);

(2)     The parties are currently attempting to schedule the remaining fact discovery needed to prepare for trial in light of EPC's amendments of last week but it is unclear how much time the parties will have to complete such discovery (*id.*);

(3)     Under the current Scheduling Order (as noted *supra*), fact discovery expires on February 27, 2024 (*id.*); and

(3)     Adhering to a normal briefing schedule places TTI in the Hobson's Choice of having to coordinate and schedule discovery without knowing when the fact discovery period will end until the current fact discovery period is almost expired (*id.*).

Accordingly, out of fairness and in light of EPC's amendment of its counterclaims--well past the time allowed in the Court's Scheduling Order--the Court should decide the instant motion on an expedited basis, as set forth above, and grant TTI's request to extend all remaining Scheduling Order deadlines by 45 days.

## **CONCLUSION**

For the foregoing reasons, TTI respectfully request the Court enter TTI's Proposed Fourth Amended Scheduling Order.

*[SIGNATURE BLOCK ON FOLLOWING PAGE]*

6

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ John F. Kuppens*
    John F. Kuppens
    Federal Bar No. 5026
    E-Mail: john.kuppens@nelsonmullins.com
    1320 Main Street / 17th Floor
    Post Office Box 11070 (29211-1070)
    Columbia, SC 29201
    (803) 799-2000

    Marc E. Williams
    Federal Bar No. 4062
    E-Mail: marc.williams@nelsonmullins.com
    949 Third Avenue / Ste 200
    Huntington, WV 25701
    (304) 526-3500
    *Admitted Pro Hac Vice*

    Kelly M. Reid
    Federal Bar No. 13063
    E-Mail: kelly.reid@nelsonmullins.com
    One Wells Fargo Center
    301 South College Street / 24th Floor
    Charlotte, NC 28202
    (704) 417-3000

MAYNARD NEXSEN PC

    Lane W. Davis
    Federal Bar No. 7739
    E-Mail: LDavis@maynardnexsen.com
    104 South Main Street, Suite 900
    Greenville, SC 29601
    (864) 282-1145

    *Attorneys for Plaintiff/Counter-Defendant TTI Consumer Power Tools, Inc.*

January 23, 2024