# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION**

| | |
|---|---|
| TTI Consumer Power Tools, Inc. f/k/a One World Technologies, Inc. d/b/a Techtronic Industries Power Equipment,<br><br>Plaintiff /Counter-Defendant,<br><br>vs.<br><br>Engineered Plastic Components, Inc.<br><br>Defendant /Counter-Plaintiff. | Civil Action No. 8:22-cv-04085-TMC<br><br>**AFFIDAVIT OF<br>LANE W. DAVIS** |

I, Lane W. Davis, being duly sworn, declare as follows:

1. I am an attorney at Maynard Nexsen PC. Along with co-counsel John F. Kuppens, Marc E. Williams, and Kelly M. Reid, attorneys at Nelson Mullins Riley & Scarborough, LLP, I represent Plaintiff/Counterclaim-Defendant TTI Consumer Power Tools, Inc. f/k/a One World Technologies, Inc. d/b/a Techtronic Industries Power Equipment ("TTI") in the above-referenced matter.

2. I am providing this affidavit in support of TTI's Motion to Amend Scheduling Order ("Motion") being filed contemporaneously herewith. I am over the age of 18 and I am of sound mind to execute this affidavit.

3. Unless indicate otherwise, the contents of this affidavit are based upon personal knowledge.

4. On January 8, 2024, the Court entered an order granting Defendant/Counterclaim-Plaintiff Engineered Plastic Components, Inc.'s ("EPC") motion for leave to file a second amended counterclaim. (ECF No. 131). The order further directed the parties to confer and submit a

proposed revised scheduling order or, if unable to agree upon a revised scheduling order, to separately submit proposed revised scheduling orders. (*Id.*)

5. On January 14, 2024, counsel for TTI emailed counsel for EPC to ask whether EPC had a proposal for the revised scheduling order requested by the Court.

6. In response, on January 16, 2024, counsel for EPC responded, stating that EPC believes the current schedule and deadlines are sufficient.

7. On January 17, 2024, counsel for TTI sent counsel for EPC a follow up email stating that TTI believes a 45-day extension of the current scheduling order deadlines is necessary to accommodate pending discovery—including at least three EPC fact witness depositions sought by TTI—and to conduct discovery on EPC's new counterclaims, including written discovery and possibly additional depositions.

8. On January 22, 2024, counsel for EPC sent me another email stating that EPC is not willing to agree to anything more than a 14-day extension of all remaining deadlines in the current scheduling order.

9. EPC's Second Amended Counterclaim adds three new causes of action sounding in fraud—two claims of fraudulent inducement and one claim for fraudulent concealment—while also adding fraud allegations to its existing breach of contract claim. (*See* ECF No. 133).

10. These new counterclaims shift the predominant focus of discovery beyond the material time period previously in question and significantly alter potentially recoverable damages. As a result, the new counterclaims require TTI to gather new facts to negate the elements of EPC's new counterclaims and otherwise support available affirmative defenses.

11. In addition to the pending and anticipated discovery referenced in Paragraph 7, above, TTI and EPC cross-noticed 30(b)(6) depositions of the other party (the corporate deposition of TTI remains outstanding), EPC has noticed the Rule 30(b)(6) depositions of two third parties,

and counsel for EPC has indicated their intent to take the depositions of at least two other TTI fact witnesses.

12. The parties also need time to conduct depositions of each party's experts. TTI and EPC have each designated three experts. (*See* ECF Nos. 135, 136). TTI therefore anticipates that the parties will need to conduct at least six expert depositions in addition to the fact discovery on the parties' existing claims and discovery on EPC's new counterclaims. Of note, one of EPC's experts specifically references EPC's new fraud-based counterclaims, which adds to the existing burden.

13. Expedited treatment of TTI's Motion is appropriate and necessary because:

   a. All of EPC's witnesses are located out of state, requiring significant travel planning and coordination to schedule;

   b. The parties are currently attempting to schedule the remaining fact discovery needed to prepare for trial in light of EPC's amendments of last week but it is unclear how much time the parties will have to complete such discovery;

   c. Under the current Third Consent Amended Scheduling Order (ECF No. 116), fact discovery expires on February 27, 2024; and

   d. Adhering to a normal briefing schedule places TTI in the Hobson's Choice of having to coordinate and schedule discovery without knowing when the fact discovery period will end until the current fact discovery period is almost expired.

14. Under the circumstances, extending the existing scheduling order by 45 days is, in TTI's view, entirely reasonable.

3

FURTHER AFFIANT SAYETH NAUGHT

_____
Lane W. Davis

Sworn to before me this
23rd day of January, 2024

_____
Printed Name of Notary: Meredith J. Altman
My Commission Expires: 11/29/2026



4