IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| TTI Consumer Power Tools Inc. *formerly known as* One World Technologies Inc. *doing business as* Techtronic Industries Power Equipment, | Case No.: 8:22-cv-04085-JDA |
| Plaintiff/Counter Defendant, | |
| v. | **OPINION AND ORDER** |
| Engineered Plastic Components Inc., | |
| Defendant/Counter Claimant. | |

This matter is before the Court on a motion for protective order filed by Defendant/Counter Claimant Engineered Plastic Components, Inc. ("EPC") and James Rank ("Rank"). [Doc. 111.] Plaintiff/Counter Defendant TTI Consumer Power Tools, Inc. ("TTI") filed a response in opposition to the motion, and EPC filed a reply. [Docs. 117; 120.] The motion is ripe for review.

**BACKGROUND**

Rank is a former employee of EPC. [Doc. 117-1 at 7–8.] On August 11, 2023, TTI noticed the videotaped deposition of Rank for September 6, 2023. [Doc. 111-1.] After receiving the notice, EPC's counsel reached out to Rank and had a ten-minute conversation on the telephone. [Docs. 111 at 2; 117 at 1; 117-1 at 13; 120-1 ¶¶ 3–4.] Rank and EPC's counsel were the only participants in the conversation, and they discussed Rank's knowledge of facts giving rise to this lawsuit, which Rank learned during his employment with EPC. [Doc. 120-1 ¶ 5.] EPC's counsel expected and understood that the conversation would remain confidential and not be shared with third parties. [*Id.*

¶ 6.] During the conversation, EPC's counsel offered to represent Rank in connection with his deposition, and Rank took the offer under advisement. [*Id.* ¶ 5.] Rank subsequently retained his own counsel and, through counsel, entered into a common interest agreement with EPC. [*Id.* ¶ 7; Doc. 117 at 1.] On November 7, 2023, TTI issued a second amended notice of taking Rank's videotaped deposition on November 21, 2023. [Doc. 111-2.]

On November 21, 2023, Rank was deposed. [*See* Doc. 117-1.] During the deposition, TTI's counsel asked several questions to which both Rank's counsel and EPC's counsel asserted attorney-client privilege and/or protection under the common interest doctrine and directed Rank not to answer some questions. [*Id.* at 12, 13, 14, 16–17, 20–24.] EPC and Rank then filed this motion for protective order. [Doc. 111.]

## APPLICABLE LAW

**Protective Orders Under Rule 26(c)**

Rule 26(c)(1) of the Federal Rules of Civil Procedure allows a court, upon a showing of good cause, to enter a protective order to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense." Rule 26(b)(1) permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."

The party seeking a protective order must show good cause. *United Prop. & Cas. Ins. v. Couture*, No. 2:19-cv-01856-DCN, 2021 WL 5141292, at *2 (D.S.C. Nov. 4, 2021). "[I]n determining good cause, a court will balance the interest of a party in obtaining the information versus the interest of his opponent in keeping the information confidential or in not requiring its production." *Id.* (internal quotation marks omitted). Whether to enter a

protective order is committed to the sound discretion of the trial court. *Fonner v. Fairfax Cnty.*, 415 F.3d 325, 331 (4th Cir. 2005).

**Local Civil Rule Requirements for Protective Orders**

Local Civil Rule 30.04(C), D.S.C., provides that "[c]ounsel shall not direct or request that a witness not answer a question, unless that counsel has objected to the question on the ground that the answer is protected by a privilege." Further, "[c]ounsel directing that a witness not answer a question on those grounds . . . shall move the court for a protective order under Fed. R. Civ. P. 26(c) or 30(d)(3) within seven (7) days of the suspension or termination of the deposition." Local Civ. Rule 30.04(C) (D.S.C.). Failure to file a timely motion for a protective order constitutes a waiver of the objection and "the deposition may be reconvened." *Id.*

**Attorney-Client Privilege**

South Carolina privilege law applies in this diversity action. Fed. R. Evid. 501. "The attorney-client privilege protects against the disclosure of confidential communications by a client to his attorney." *Tobaccoville USA, Inc. v. McMaster*, 692 S.E.2d 526, 529 (S.C. 2010) (internal quotation marks omitted). This privilege is meant to facilitate attorney-client communications "by inviting the utmost confidence on the part of the client in disclosing his secrets to this professional advisor." *Id*. (internal quotation marks omitted). The privilege consists of the following elements:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

*Id*. (internal quotation marks omitted). "In general, the burden of establishing the privilege rests upon the party asserting it." *State v. Love*, 271 S.E.2d 110, 112 (S.C. 1980). South Carolina courts strictly construe the attorney-client privilege. *State v. Doster*, 284 S.E.2d 218, 219 (S.C. 1981).

## DISCUSSION

EPC and Rank ask the Court to prevent TTI from making further inquiry into "(a) Mr. Rank's conversation with EPC's counsel as to matters within the scope of Mr. Rank's former employment at EPC, and (b) Mr. Rank's reasons for retaining his own counsel," arguing that inquiry into these areas "intrude[s] into the sacrosanct area of attorney-client privilege, as well as principles of common interest privilege that exists between Mr. Rank and EPC." [Doc. 111 at 1.] TTI argues that EPC's motion should be denied because (1) no attorney-client relationship existed between EPC's outside counsel and Rank; (2) the common interest doctrine does not apply; (3) Rank's decision to retain separate counsel is not privileged; and (4) Rank waived any privilege with respect to the question of whether he considered EPC's counsel to be trustworthy. [Doc. 117 at 5–14.] The Court addresses the areas into which EPC and Rank seek to prevent further inquiry seriatim.

**Rank's Conversation with EPC's Counsel**

EPC and Rank contend that the contents of the telephone conversation between EPC's counsel and Rank are protected by the attorney-client privilege and the common interest doctrine. [Doc. 111 at 4.] They argue that the conversation "is privileged as to both Rank and EPC" because, with respect to Rank, "the meeting constitutes communication between a prospective client and his potential counsel" and, with respect

4

to EPC, the purpose of the meeting was to "enabl[e] EPC to understand Rank's recollection of the relevant events in this litigation, which constitutes protected communications between an employer's counsel and a former employee." [Doc. 120 at 4–5; see Doc. 111 at 4–5.]  TTI contends that EPC and Rank cannot show that the purpose of the call was for Rank to obtain legal advice such that Rank may assert attorney-client privilege.  [Doc. 117 at 7–8.]  TTI further contends that EPC may not assert attorney-client privilege with respect to the conversation because the motion "fails to cite any decision suggesting that South Carolina courts intend the attorney-client privilege to apply to communications between a company's outside counsel and its former employees."  [*Id.* at 8.]  The Court concludes that the conversation is protected by EPC's attorney-client privilege.

Initially, the Court notes that EPC and Rank have not established an attorney-client relationship between Rank and EPC's counsel because they have directed the Court to nothing to support a finding that Rank sought legal advice or assistance from EPC's attorney "with a view to employing [her] professionally."  *Marshall v. Marshall*, 320 S.E.2d 44, 47 (S.C. Ct. App. 1984); [*see* Doc. 120-1 ¶ 5 (declaration of EPC's counsel, averring only that she "conveyed an offer to Mr. Rank to represent him in connection with his deposition in this matter" and that he "took that offer under advisement")].  As for whether the attorney-client privilege applies to a company's outside counsel's communications with the company's former employees, neither party has directed the Court to a South Carolina case analyzing the privilege in this circumstance, nor has the Court's independent research found such a case.  Accordingly, the Court must predict how the Supreme Court of South Carolina would likely rule.  *See ContraVest Inc. v. Mt. Hawley*

5

*Ins. Co.*, 273 F. Supp. 3d 607, 615 (D.S.C. 2017) ("Where the state's highest court has not spoken on an issue, the court must predict how the court would rule.").

As recognized in *Wellin v. Wellin*, 211 F. Supp. 3d 793 (D.S.C. 2016), "South Carolina courts have cited to decisions applying federal privilege law," and "[f]ederal courts applying South Carolina law have also cited to federal law." *Id.* at 806–07 (citing cases). Looking to federal privilege law for guidance, the Court notes that the Court of Appeals for the Fourth Circuit has held that the attorney-client privilege applies to communications between a company's attorney and the company's former employee who was employed during the time period in question and possessed information relevant to the attorney's investigation when the attorney interviewed the former employee at the direction of her client in order to provide legal advice to the client. *In re Allen*, 106 F.3d 582, 606 (4th Cir. 1997). The Court concludes that South Carolina courts would likely apply the attorney-client privilege to communications between a company's attorney and the company's former employee in circumstances similar to *In re Allen*.

Here, as stated, EPC and Rank contend that the attorney-client privilege prevents further inquiry into Rank's conversation with EPC's counsel as to matters within the scope of Rank's former employment at EPC. EPC's counsel has submitted a declaration stating that, "[a]t the time of the [telephone call], [she] was an attorney of record for EPC," and "in furtherance of [her] role as EPC's counsel in this matter," she "met with Mr. Rank to discuss, and did discuss, Mr. Rank's knowledge of facts giving rise to this Matter, which Mr. Rank learned during the course of his employment at EPC." [Doc. 120-1 ¶¶ 4–5.] The Court concludes that the communications between Rank and EPC's counsel are protected by the attorney-client privilege under *In re Allen* with respect to the portions of

the conversation related to information that Rank learned during his employment with EPC.[1]  Accordingly, because these communications are protected by a privilege, EPC and Rank have established good cause for the Court to enter a protective order as to the communications between EPC's counsel and Rank related to Rank's knowledge from the time he was employed by EPC that is related to this case.

**Rank's Reasons for Retaining His Own Counsel**

EPC and Rank contend that Rank's rationale and thought-process for retaining his own counsel are protected by the attorney-client privilege.  [Doc. 111 at 6–8.]  TTI contends that Rank's rationale is not protected because he concedes that he developed his reasons for hiring his own counsel before soliciting his own attorney and before discussing his rationale with his attorney.  [Doc. 117 at 12 (citing Doc. 111 at 7).]  The Court concludes that Rank's rationale for retaining his own counsel is not protected by the attorney-client privilege.

As stated, in South Carolina, the attorney-client privilege protects *communications* where legal advice is sought, and the privilege is to be strictly construed.  It protects only the "disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney." *Wellin*, 211 F. Supp. 3d at 808 (internal quotation marks omitted).  Neither EPC nor Rank have offered any explanation for why

---

[1] Because the Court concludes that these communications are protected by EPC's attorney-client privilege, the Court need not address EPC and Rank's alternative argument that the communications are protected under the common interest doctrine. The Court notes that "[t]he common interest doctrine is not a privilege in itself, but is instead an exception to the waiver of an existing privilege." *Tobaccoville USA*, 692 S.E.2d at 531.  It "protects the transmission of data to which the attorney-client privilege . . . has attached when it is shared between parties with a common interest in a legal matter." *Id.* (internal quotation marks omitted).

Rank's explaining his reasons for obtaining separate counsel would necessarily implicate the disclosure of privileged communications.  Accordingly, Rank's reasons for retaining his own counsel are not protected by the attorney-client privilege, and EPC and Rank have not established good cause for the Court to enter a protective order as to Rank's reasons for retaining his own counsel.[2]

## **CONCLUSION**

Based on the foregoing, EPC and Rank's motion for protective order [Doc. 111] is GRANTED IN PART and DENIED IN PART.  The Court grants a protective order as to the communications between EPC's counsel and Rank related to Rank's knowledge from the time he was employed by EPC that is related to this case and denies a protective order as to Rank's reasons for retaining his own counsel.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

Greenville, South Carolina
September 24, 2024

---

[2] To the extent that Rank's answers to questions about his reasons for retaining his own counsel would require him to disclose some of the conversation he had with EPC's counsel, that portion is protected.  TTI argues that any privilege regarding questions to Rank about whether he trusted EPC's lawyers has been waived because, although Rank's counsel objected to the question and instructed Rank not to answer during the deposition, EPC and Rank failed to address this question in their motion for protective order.  [Doc. 117 at 14.]  The Court notes that the motion for protective order seeks to prevent TTI from making further inquiry into "Rank's reasons for retaining his own counsel" [Doc. 111 at 1], and to the extent a question about whether Rank trusted EPC's lawyers falls under this category, any objection has not been waived.  However, as explained, the Court concludes that Rank's reasons for retaining his own counsel is not protected by the attorney-client privilege.