**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ANDERSON DIVISION**

| | |
|---|---|
| TTI Consumer Power Tools, Inc. f/k/a One World Technologies, Inc. d/b/a Techtronic Industries Power Equipment, <br><br> Plaintiff/Counter-Defendant, <br><br> vs. <br><br> Engineered Plastic Components, Inc., <br><br> Defendant/Counter-Plaintiff. | Civil Action No. 8:22-cv-04085-JDA <br><br> **TTI CONSUMER POWER TOOLS, INC.'S COMBINED MOTION TO STRIKE AND FOR DEFAULT JUDGMENT** |

Plaintiff/Counter-Defendant TTI Consumer Power Tools, Inc. f/k/a One World Technologies, Inc. d/b/a Techtronic Industries Power Equipment ("TTI"), pursuant to Fed. R. Civ. P. 6, 12, and 55(b), moves to strike Defendant/Counter-Plaintiff Engineered Plastic Components, Inc.'s ("EPC") Answer to TTI's Second Amended Complaint and for Default Judgment, and respectfully shows the Court as follows:

1. TTI engaged EPC, a plastic-injection molding company, to produce a line of modular storage produces under the Ryobi brand name. After negotiations, the parties executed a Master Supply Agreement ("MSA") on January 15, 2021. Soon after, EPC committed several material and continuing breaches of the MSA, prompting TTI to issue four notices of breach that EPC failed to remedy. TTI sent written notice to EPC terminating the MSA on October 12, 2022. TTI thereafter filed the present lawsuit and original Complaint on October 13, 2022. TTI served EPC with an Amended Complaint on December 12, 2022. [ECF 22].

2. With leave of the Court to amend its pleadings to include additional causes of action and factual allegations, TTI filed its Second Amended Complaint on August 2, 2023. [ECF 82]. EPC was properly served with this Second Amended Complaint through the Court's CM/ECF

system, which provides notice and access to the documents electronically to all counsel of record. Under Fed. R. Civ. P. 5(b)(2)(E), service via ECF is sufficient for parties who have consented to electronic service.

3. Thereafter, on August 16, 2023, EPC filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). [ECF 96].

4. On September 24, 2024, the Court entered an Order partially granting and partially denying EPC's Motion to Dismiss. In particular, the Court declined to dismiss TTI's claims for breach of contract, breach of contract accompanied by fraud, fraud in the inducement, quantum meruit/unjust enrichment, and conversion. [ECF 193].

5. Pursuant to Fed. R. Civ. P. 12(4)(A), "[u]nless the court sets a different time," the filing of a Rule 12 motion modifies the deadline for serving a responsive pleading. The rule provides that "if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action."

6. EPC failed to file an answer to TTI's Second Amended Complaint on or before October 8, 2024 (the "Due Date").

7. EPC filed an answer and affirmative defenses ("Untimely Answer") to TTI's Second Amended Complaint on February 25, 2025, more than *four* months or *140* days after the Due Date. [ECF 204]

8. EPC filed its Untimely Answer without first seeking leave of Court as required by Fed. R. Civ. P. 6(b)(1).

9. Fed. R. Civ. P. 1`(1) provides that a court may, "for good cause," extend the time allowed for completion of certain acts "on motion made after the time has expired if the party failed to act because of excusable neglect." As reflected in the permissive language of Rule 6(b),

it is within the trial court's discretion to extend the time for a party to do an act that must be done within a specified time. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894-98, 110 S.Ct. 3177, 3191-93, 111 L.Ed.2d 695 (1990).

10. By filing its Untimely Answer without first seeking leave from the Court as required by Fed. R. Civ. P. 6(b)(1)(B), EPC attempts to sidestep the required showings of good cause and excusable neglect.

11. Fed. R. Civ. P. 12(f) empowers a court to strike a defendant's answer where, as here, the answer is filed outside of the time period mandated in Rule 12. *See, e.g., J&J Sports Prods., Inc. v. Lawson*, No. 3:17-CV-02939-JMC, 2019 WL 1754744, at *3 (D.S.C. Apr. 19, 2019) (striking the defendant's untimely answer and noting that the time requirements in Rule 12(a) are "a mandate, not a mere suggestion" (quoting *State Compensation Ins. Fund v. Capen*, No. SACV 15–01279 AG (JCGx), 2016 WL 9083270, at *1 (C.D. Cal. Dec. 16, 2016)).

12. Based on the record set forth herein, TTI respectfully requests that EPC's untimely Answer be stricken from the record.

13. On March 6, 2025, TTI requested entry of default [ECF 205] and submitted an accompanying affidavit [ECF 206].

14. On March 7, 2025, the Clerk of Court entered an Entry Of Default as to EPC. [ECF 208].

15. The Court may order default judgment following the entry of default by the Clerk of the Court. Fed. R. Civ. P. 55(b).

16. Following entry of default under Fed. R. Civ. P. 55(a), when a party seeks a default judgment and the claim is not for sum certain, "[t]he court may conduct hearings or make referrals" when necessary to "(A) conduct an accounting; (B) determine the amount of damages; (C)

establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

## **PRAYERS**

WHEREFORE, TTI requests that the Court strike EPC's Untimely Answer from the record, enter default judgment against EPC as to all counts in TTI's Second Amended Complaint, and schedule a hearing to determine the appropriate amount of damages and such further relief as the Court deems just and proper.

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By:/s/ John F. Kuppens
 John F. Kuppens
 Federal Bar No. 5026
 E-Mail: john.kuppens@nelsonmullins.com
 1320 Main Street / 17th Floor
 Post Office Box 11070 (29211-1070)
 Columbia, SC  29201
 (803) 799-2000

 Kelly M. Reid
 Federal Bar No. 13063
 E-Mail: kelly.reid@nelsonmullins.com
 One Wells Fargo Center
 301 South College Street / 24th Floor
 Charlotte, NC 28202
 (704) 417-3000

 Marc E. Williams
 E-Mail: marc.williams@nelsonmullins.com
 949 Third Avenue / Ste 200
 Huntington, WV 25701
 (304) 526-3500
 *Admitted Pro Hac Vice*

**MAYNARD NEXSEN PC**

 Lane W. Davis
 Federal Bar No. 7739

4

E-Mail: LDavis@maynardnexsen.com
104 South Main Street, Suite 900
Greenville, SC 29601
(864) 282-1145

*Attorneys for Plaintiff/Counter-Defendant TTI Consumer Power Tools, Inc. f/k/a One World Technologies, Inc. d/b/a Techtronic Industries Power Equipment*

March 10, 2025
Columbia, South Carolina